UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NANCY E. C.,

                Plaintiff,

   -against-                              6:23-CV-00088 (AMN/MJK)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **OLINSKY LAW GROUP**<br>250 South Clinton Street – Suite 210<br>Syracuse, New York 13202<br>Attorneys for Plaintiff | **HOWARD D. OLINSKY, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>6401 Security Boulevard<br>Baltimore, Maryland 21235<br>Attorneys for Defendant | **FERGUS J. KAISER, ESQ.** |

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

### I.   INTRODUCTION

On January 23, 2023, Plaintiff Nancy E. C.[1] commenced this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

insurance ("DIB") and supplemental security income ("SSI") benefits ("Complaint").[2]  Dkt. No. 1.[3]

Plaintiff sought and was granted leave to proceed *in forma pauperis*.  Dkt. Nos. 3, 5.  This matter was ultimately referred to United States Magistrate Judge Mitchell J. Katz, who, on January 25, 2024, recommended that the Court grant Plaintiff's motion for judgment on the pleadings, Dkt. No. 17, deny the Commissioner's motion for judgment on the pleadings, Dkt. No. 19, and reverse and remand the Commissioner's decision for further proceedings ("Report-Recommendation").  Dkt. No. 23.  Magistrate Judge Katz advised that under 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 20.  Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.  STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  "When

---

[2] For a complete recitation of the background facts, the reader is referred to the Report-Recommendation, Dkt. No. 23 at 1-2, 4-7.
[3] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Katz concluded that the Commissioner's failure to meaningfully discuss the consistency of a relevant joint medical opinion with other record evidence constituted legal error that warranted remand. Dkt. No. 23 at 19; *see also id.* at 10-18. The Court agrees with Magistrate Judge Katz's conclusion for the reasons set forth in the Report-Recommendation. *See, e.g., Thomas C.W. v. Kijakazi*, 666 F. Supp. 3d 202, 216-17 (N.D.N.Y. 2023) (finding remand warranted where ALJ did not meaningfully discuss consistency of medical opinion with other record evidence); *accord Darla W. v. Comm'r of Soc. Sec.*, No. 5:20-CV-1085 (TWD), 2021 WL 5903286, at *9 (N.D.N.Y. Dec. 14, 2021).

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

### IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 23, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, Dkt. No. 17, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings, Dkt. No. 19, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's final decision is **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with the Report-Recommendation, Dkt. No. 23; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   March 5, 2024
         Albany, New York

_____
Anne M. Nardacci
U.S. District Judge